Judge Owsley
delivered the opinion of the court.
This cjectmbnt was brought in the court below to recover from the appellee the possession of a tract of land, the title whereof was asserted by the appellant under the senior grant.
Hardin for appellant.
A possession taken under a junior pa. tent and out. side of the li nes of an elder patent, does not give possession within the elder patent.
Occasional acts of ownership exercised 0¾ the land in contest, does not give possession, or toll a plaintiff’s right of entry.
The trial was had, and under the instructions of the court ¿ a verdict found for the appellee, upon the ground of his having been possessed of the land, adversely, for upwards of twenty years before the commencement of the action against him.
Whether, therefore, he was proven to have had such a possession, as can bar the appellant’s fight, of entry, derived through his elder grant, is the only enquiry presented for the decision of this court.
The appellee is proven to have made an improvement, and actually settled upon the land contained within his patent more than twenty years previous to the bringing of this action; but as neither the settlement nor any part of his improvement was, at that date, contained within the boundaries of the appellant’s grant, as was held by this court in the case of Trimble and Smith, &c. 4 Bibb, 251, he cannot, from that improvement and settlement, be construed to have been possessed of the land claimed by the appellant.
And although the appellee, whilst residing at the place so settled by him, is proven to have occasionally, for upwards of twenty years, made sugar at a camp erected by him upon the ¡and in contest, such an occasional use cannot, as was decided in the case of Braxdale and Speed at the last term of this courts confer upon him such a possession as will bar the appellant’s right of entry.
According to these cases, therefore, the jury ought not, upon the evidence introduced, to have found against the appellant, and the court consequently should, at his instance, have awarded a new trial.
The judgment must therefore be reversed with cost, the cause remanded to that court for a new trial, to be had not inconsistent with this opinion.